WHATLEY, Judge.
Brandon Michael Evans appeals his sentences for two counts of third-degree murder, grand theft, and burglary of a conveyance. He contends that his sentences do not comply with his plea agreement. Although the State agrees that the sentences do not comply with the plea agreement, it argues that Evans is precluded from raising this issue on appeal because he failed to raise it below. See § 924.051, Fla. Stat. (Supp.1996). We conclude that Evans may raise this issue for the first time on appeal because it involves fundamental error and we reverse.
In Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999), this court held that a sentencing error that improperly extends the defendant’s incarceration or supervision would likely be considered fundamental. In the present case, the plea agreement provided that Evans would serve eight years in prison. Although the trial court and both parties attempted to frame a sentence that would result in an eight-year prison term, the written sentence provides that Evans will serve sixteen years in prison. This sentencing error improperly extends Evans’ incarceration, and therefore, the error is fundamental. See Bain.
Accordingly, we reverse Evans’ sentences and remand this cause for the trial court to sentence Evans pursuant to his plea agreement. If the plea agreement cannot be achieved, Evans should be permitted to withdraw his plea.
Reversed and remanded with directions.
PARKER, C.J., and CASANUEVA, J., Concur.